UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME LIONELL KNIGHT,

    Plaintiff,                                        Civil Action No. 13-cv-10345
                                                    HON. BERNARD A. FRIEDMAN

v.

WAYNE COUNTY PROSECUTOR'S
OFFICE, et al.,

    Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

**I. Introduction**

    On January 29, 2013, *pro se* plaintiff Jerome Knight filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated by the Michigan Department of Corrections, currently housed at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, where he is serving a life sentence for first-degree murder. He names the following as defendants: (1) the Wayne County Prosecutor's Office and prosecutors Maria Miller, Kym Worthy, First Name Unknown (FNU) Brown; (2) the Detroit Police Department; (3) the Wayne County Sheriff's Office and Benny Napoleon and Warren Evans; (4) the State Attorney General's Office; (5) the Michigan Department of Corrections (MDOC); (6) employees from the Wayne County Jail; (7) employees from the State of Michigan; (8) Rodney Coleman; (9) Edward Petty; and (10) several John and Jane Does. He states that defendants, in various ways, maliciously prosecuted him and conspired to bring about his first-degree-murder conviction.

    Specifically, plaintiff claims that the prosecutor's office and the police department forced and coerced defendants Coleman and Petty to testify against him. He asserts that such a

conspiracy brought about his conviction in a malicious manner. He also states that, while he was incarcerated in the Wayne County jail, his legal rights to challenge his conviction were violated, he was forced to wear the same clothing for a month, to clean certain areas without the proper supplies, and was denied proper medical treatment for his knee and back pain, all in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. He seeks, among other things, release from prison.

## II. Background

Plaintiff and co-defendant Gregory Rice were convicted of murdering plaintiff's former girlfriend, Yahnica Hill, following a 1998 joint jury trial in Wayne County Circuit Court. After their convictions and sentences, they filed separate direct appeals. At first, the Michigan Court of Appeals affirmed the plaintiff's judgment of conviction, *People v. Knight*, No. 231845, 2002 WL 31310146 (Mich. Ct. App. Oct. 15, 2002), but the Michigan Supreme Court later vacated and remanded the matter for reconsideration under *Batson v. Kentucky*, 476 U.S. 79 (1986). *People v. Knight*, 468 Mich. 922 (2003). On remand, the Court of Appeals again affirmed the judgment of conviction, *People v. Knight*, No. 231845, 2003 WL 22300857 (Mich. Ct. App. Oct. 7, 2003), and the Michigan Supreme Court subsequently upheld that decision. *People v. Knight*, 473 Mich. 324 (2005).

Plaintiff then filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Michigan. The case was assigned to The Honorable Paul L. Maloney. The magistrate judge issued a report recommending that the petition be denied, but in the interim, co-defendant Rice filed his habeas petition in this district court. His case was assigned to The Honorable Denise Page Hood. On March 31, 2010, Judge Hood issued an

opinion and order conditionally granting Rice's habeas petition on the basis of *Batson*. *Rice v. White*, No. 06-11610, 2010 WL 1347610 (E.D. Mich. Mar. 31, 2010). The Sixth Circuit affirmed Judge Hood's decision. *Rice v. White*, 660 F.3d 242 (6th Cir. 2011). The United States Supreme Court denied Rice's petition for a writ of certiorari. *Rice v. Michigan*, 546 U.S. 1043 (2005).

As a result of the *Rice* decision, Judge Maloney conditionally granted the plaintiff's habeas petition and ordered a new trial. *Knight v. Harry*, No. 06-105 (W.D. Mich. Aug. 7, 2012). Plaintiff was granted bond and released from prison on November 29, 2012. Shortly thereafter, however, the Michigan Court of Appeals revoked the bond order, *People v. Knight*, No. 313584 (Mich. Ct. App. Dec. 13, 2012), and plaintiff was incarcerated in the Wayne County jail pending trial. After a week and a half long proceeding, a jury once again convicted plaintiff of first-degree murder. The instant allegations stem from plaintiff's second trial and his incarceration at the Wayne County jail.

### III.  Standard of Review

Since plaintiff is pursuing this litigation *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), the Prison Litigation Reform Act ("PLRA") requires this Court to *sua sponte* dismiss the complaint in the event the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court must dismiss an action seeking redress against government entities, officers, and employees if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if it is "based on an indisputably meritless legal theory," or "clearly baseless" facts, "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-328. Additionally, the Court will dismiss the complaint, whether or not a plaintiff is proceeding *in forma pauperis*, if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Although the pleadings of *pro se* litigants are generally held to a "less stringent standard" than ones drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must still contain sufficient facts demonstrating that a legal wrong has been committed and that relief is warranted. In the context of a section 1983 claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). In view of the aforementioned standards, the Court finds that the complaint is subject to dismissal.

## IV. Discussion

### A. *Heck v. Humphrey* claim

As an initial matter, to the extent the plaintiff seeks release from prison, no such relief is available under section 1983. To challenge his confinement in state custody, the plaintiff's only federal remedy is to seek a writ of habeas corpus, which requires that he first exhaust his remedies in state court. Release from confinement cannot be obtained by filing suit under section 1983. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his

4

claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (same).  This holds true regardless of the relief sought by the plaintiff.  *Heck*, 512 U.S. at 487-489.  *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's section 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (citations omitted).

Since the validity of plaintiff's continued confinement would be called into question if her were to prevail on his claims, they are barred by *Heck* and must be dismissed.

**B.  Claims against Wayne County Prosecutor's Office**

In any event, the Wayne County Prosecutor's Office and the individually named defendants are all entitled to absolute prosecutorial immunity for their decision to prosecute plaintiff.

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from [section] 1983 liability."  *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000) (citation omitted).  A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and in presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430-431

(1976). The United States Court of Appeals for the Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously, "or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (citation omitted). Thus, the Wayne County Prosecutor's Office and defendants Miller, Worthy, and Brown are absolutely immune from liability for their decision to charge plaintiff with first-degree murder.

### C. Claims against the Detroit Police Department

The complaint must also be dismissed as to the Detroit Police Department because it is not an entity that is subject to suit. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citation omitted); *Laise v. City of Utica*, 970 F. Supp. 605, 607 (E.D. Mich. 1997) (dismissing claim against Utica Police Department because it is not an entity capable of being sued).

Plaintiff's conspiracy claims against defendants Evans and Napoleon must be dismissed as well. Plaintiff asserts, without any factual elaboration, that defendants Evans and Napoleon conspired with other named defendants to deprive him of his federal constitutional rights. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague

and conclusory allegations unsupported by material facts will not be sufficient to state a claim under [section] 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) (citation omitted). The plaintiff's conspiracy claims are conclusory and therefore fail to state a claim under section 1983.

Furthermore, these defendants must be dismissed because they cannot be held liable for the alleged misconduct of other defendants. A civil rights plaintiff must allege the personal involvement of a defendant in the violation of his constitutional rights. *See Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 691-692 (1978) (holding that section 1983 liability cannot be based upon *respondeat superior*); *Taylor v. Michigan Dept. of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (requiring plaintiff to allege facts demonstrating the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Here, plaintiff's contention that these defendants failed to properly supervise other employees and should, therefore, be held vicariously liable for their actions is insufficient to state a claim under section 1983.

**D.  Claims against the State Attorney General's Office**

Insofar as plaintiff sues the Michigan Attorney General's Office and its staff members, his claim must fail. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). "[N]either a State nor its officials acting in their official capacities are 'persons' under [section] 1983." *Id.*; *see also Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (citations omitted) (same). Moreover, the State is entitled to Eleventh Amendment

immunity because it has not consented to be sued for civil rights actions commenced in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986); *see Quern v. Jordan*, 440 U.S. 332, 341 (1979) (reaffirming that section 1983 does not abrogate Eleventh Amendment immunity).

### E. Medical claims

Plaintiff alleges that the Wayne County jail and the MDOC denied him proper medical care in violation of the Eighth and Fourteenth Amendments. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). The deliberate indifference standard requires an inmates to show that prison officials acted with a reckless disregard of a known risk of serious harm to the prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *See Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Here, the plaintiff makes no such showing as he failed to allege that defendants acted with deliberate indifference to his condition or intentionally acted to cause him injury or pain. Conclusory allegations are insufficient to state a civil rights claim. While plaintiff may disagree with the course of treatment he received, the complaint is devoid of sufficient detail to support his claim.

Insomuch as plaintiff's allegations could be construed as asserting medical malpractice, they are not cognizable under section 1983. *See Estelle*, 429 U.S. at 106; *Collins v. Harker Heights*, 503 U.S. 115, 127-128 (1992) (stating that an injury caused by negligence does not constitute a deprivation of any constitutionally protected interest); *Lewellen v. Metro. Gov't of Nashville & Davidson County*, 34 F.3d 345, 348 (6th Cir. 1994).

Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that since the Court finds that an appeal from this order would be frivolous it cannot be taken in good faith.

IT IS FURTHER ORDERED that all pending motions in this matter are denied as moot.

    _s/ Bernard A. Friedman_____
    BERNARD A. FRIEDMAN
    SENIOR UNITED STATES DISTRICT JUDGE

DATED: _May 20, 2013___
    Detroit, Michigan